IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Galimore,<br><br>        Petitioner,<br><br>v.<br><br>Warden J. Nace,<br><br>        Respondent. | C/A No. 5:22-cv-3541-SAL<br><br>**OPINION AND ORDER** |

  Rodney Galimore ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for review of the February 22, 2024 Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 41.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment, ECF No. 28, and denying the petition. [ECF No. 41.] Petitioner has filed objections to the Report. [ECF No. 43.] For the reasons outlined below, the court adopts the Report in its entirety.

## BACKGROUND

  The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for purposes of this order, an abbreviated history will suffice.

  In December 2008, a Beaufort County jury found Petitioner guilty of child endangerment, reckless homicide, driving under suspension, and felony driving under influence resulting in death. He was sentenced to thirty-five years' imprisonment. He filed a direct appeal, which was unsuccessful.

1

In December 2013, Petitioner filed a post-conviction relief ("PCR") action. Following an evidentiary hearing, a state court denied the PCR application and dismissed it with prejudice. Petitioner appealed that decision. The case was transferred to the South Carolina Court of Appeals, and that court denied the petition for writ of certiorari. The remittitur was issued on September 15, 2022.

In January 2021, Petitioner filed a second PCR action in state court. That case was dismissed in March 2022. Plaintiff appealed the dismissal, but his appeal was dismissed in June 2023.

Petitioner initiated this action on October 11, 2022, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On March 3, 2023, Respondent filed a motion for summary judgment. [ECF No. 28.] Petitioner filed a response in opposition on June 8, 2023, ECF No. 35, and Respondent replied on June 15, 2023, ECF No. 36.

On January 29, 2024, the magistrate judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment. [ECF No. 41.] Petitioner filed objections to the Report on February 22, 2024. [ECF No. 43.] Thus, the matter is now ripe for consideration by this court.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The court hereby adopts the Report without a full recitation.

As explained in the Report, the petition sets forth seven grounds for habeas relief. Of those seven grounds, six are procedurally barred. *See* ECF No. 41 at 19–21. That is, Petitioner's Grounds One, Two, Three, Four, Five, and Six are not preserved for habeas review because they were not raised to and ruled upon by the PCR court and then raised in Petitioner's PCR appeal. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding issue is procedurally barred where it was not properly raised to state's highest court and would be procedurally impossible to raise there now); *Pruitt v. State*, 423 S.E.2d 127, 128 (S.C. 1992) (holding issue must be raised to and ruled on by PCR judge in order to be preserved for state appellate review). Indeed, only one ground—Petitioner's Ground Seven—was raised in Petitioner's PCR appeal. Thus, Ground Seven is the only ground properly preserved in state court such that this court can address the merits in accordance with 28 U.S.C. § 2254. As to the procedurally barred grounds, in order for the court to address those, Petitioner must demonstrate either cause and prejudice for the procedural default or that a miscarriage of justice would result if the court does not consider those grounds.

In his objections, Petitioner challenges the PCR court's denial of his Grounds One, Two, Three, and Four. [ECF No. 4–10.] However, as outlined above, these grounds are all procedurally barred. The court cannot consider any error by the PCR court unless Petitioner first demonstrates cause and prejudice or a fundamental miscarriage of justice. He has not articulated either of those things. Petitioner's objections are solely related to the merits of Grounds One through Four. He does not address the procedural default of those grounds at all. Consequently, court must overrule

Petitioner's objections to the Report's recommended disposition of Grounds One, Two, Three, and Four.

Petitioner has not raised specific objections to the remainder of his habeas grounds. Thus, the court need not conduct a de novo review of those grounds. It suffices to say the court has reviewed the Report with respect to Grounds Five, Six, and Seven and adopts the reasoning and recommendation by the magistrate judge for those grounds, as well.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a de novo review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 41. Accordingly, Respondent's motion for summary judgment, ECF No. 28, is granted and the petition, ECF No. 1, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

March 4, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."